

White & Case LLP  
1155 Avenue of the Americas  
New York, New York 10036-2787

Tel + 1 212 819 8200  
Fax + 1 212 354 8113  
www.whitecase.com

Direct Dial + 212-819-8394    cshore@whitecase.com



April 15, 2011

BY HAND DELIVERY

The Honorable Shelley C. Chapman  
United States Bankruptcy Judge  
  for the Southern District of New York  
One Bowling Green  
New York, NY 10004-1408

Re:  In re Vitro, S.A.B. de C.V., Case No. 11-11754 (SCC) (the "Chapter 15 Case")

To the Honorable Court:

    The undersigned counsel represents an ad hoc group of holders of senior notes (the "Ad Hoc Noteholder Group") issued by Vitro, S.A.B. de C.V. ("Vitro"). Yesterday evening, Vitro filed with the Court a verified petition for recognition under chapter 15 of the Bankruptcy Code of an alleged foreign proceeding (the "Chapter 15 Petition") with respect to its voluntary petition filed in Mexico under *Ley de Consursos Mercantiles* (the "Mexican Petition"). Vitro previously filed a petition for recognition of a foreign proceeding on December 14, 2010 in this Court, Case No. 10-16619 (SHL), relating to the same Mexican Petition (the "Original Chapter 15 Petition"). The original chapter 15 proceeding was assigned to Judge Sean H. Lane, who presided over the case for approximately six weeks, until the Original Chapter 15 Petition was dismissed on consent by the Debtor on January 26, 2011. A copy of the consensual order entered by Judge Lane withdrawing the Original Chapter 15 Petition is attached hereto.

    Because this Chapter 15 Petition arises from the same Mexican Petition and involves substantially related issues as the previous chapter 15 case before Judge Lane, the Ad Hoc Noteholder Group respectfully requests that this Chapter 15 Petition be assigned again to Judge Lane. As the attached order provides, there is a consensual stay of the Chapter 15 Petition for three business days to permit members of the Ad Hoc Noteholder Group to seek to transfer the Chapter 15 Case to the Northern District of Texas, where related bankruptcy cases of Vitro's affiliates are pending.

*April 18, 2011*  
*New York, NY*

IT IS HEREBY ORDERED that the request to assign the above-referenced Chapter 15 Petition to Judge Lane is DENIED.

/s/ Shelley C. Chapman  
USBJ

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT  
GENEVA  HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MOSCOW  MUNICH  
NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

We are available to answer any questions at the Court's convenience.

Respectfully,

J. Christopher Shore

JCS:eh

cc: Andrew LeBlanc – Counsel for Vitro - aleblanc@milbank.com

Dennis F. Dunne
Risa M. Rosenberg
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Andrew M. Leblanc (*pro hac vice* pending)
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, NW
Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

*Attorneys for Alejandro Francisco Sánchez-Mujica
as Petitioner for Vitro, S.A.B. de C.V.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>VITRO, S.A.B. de C.V.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 10-16619 (SHL) |
|---|---|

### CONSENT ORDER REGARDING (I) SUBSEQUENT INFORMATION PURSUANT TO 11 U.S.C. § 1518 AND (II) WITHDRAWAL OF CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING

**WHEREAS**, Alejandro Francisco Sánchez-Mujica, the petitioner for Vitro, S.A.B. de C.V. ("Vitro"), the chapter 15 debtor in the above-captioned chapter 15 case (the "Chapter 15 Case"), hereby informs the Court, pursuant to 11 U.S.C. § 1518, that, by resolution dated January 7, 2011, Judge Francisco Eduardo Flores Sánchez of the Fourth District Court for Civil and Labor Matters in the State of Nuevo León, Mexico, denied the declaration requested by Vitro for a pre-packaged *concurso* proceeding that was the basis for the Chapter 15 Case; and

**WHEREAS**, based on the foregoing, although Vitro has informed the Court that it intends to appeal the denial of the pre-packaged *concurso* declaration, there is currently no voluntary foreign main proceeding pending with respect to Vitro.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Vitro's Chapter 15 Petition for Recognition of a Foreign Main Proceeding, filed on December 14, 2010 (the "Chapter 15 Petition"), is hereby withdrawn without prejudice.

2. The Chapter 15 Case is hereby closed, pursuant to sections 350 and 1517(d) of the Bankruptcy Code; provided that this Court retains jurisdiction to enforce and interpret this Order.

3. If another petition for relief under chapter 15 of the Bankruptcy Code is filed with respect to Vitro (the "Subsequent Chapter 15 Petition"), then (i) to the extent the involuntary chapter 11 cases of Vitro's affiliates, Vitro Asset Corp., et al. (Case No. 10-47470-rfn-11), are still pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Texas Bankruptcy Court") at the time the Subsequent Chapter 15 Petition is filed, and the Subsequent Chapter 15 Petition is filed in a court other than the Texas Bankruptcy Court, Vitro (and/or its foreign representative) will comply with the stay that would have been imposed by Rule 1014(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for three business days following the filing of the Subsequent Chapter 15 Petition regardless of whether a motion to transfer venue pursuant to Bankruptcy Rule 1014(b) will have been filed; and (ii) Vitro (and/or its foreign representative) will advise the court in which the Subsequent Chapter 15 Petition is filed that the Chapter 15 Petition had been filed with this Court and voluntarily withdrawn on consent of the parties.

4. Notwithstanding the entry of this Consent Order, the withdrawal of the Chapter 15 Petition, or the closing of the Chapter 15 Case, neither the Ad Hoc Group of Vitro Noteholders, nor any of its members, have waived any rights any of them may have in connection with the Chapter 15 Case, and such rights are hereby fully reserved (as are

the rights of Vitro (and/or its foreign representative) to oppose any assertion of such rights on any grounds other than the entry of this Consent Order).

Respectfully submitted,

By: /s/ Risa M. Rosenberg
Dennis F. Dunne
Risa M. Rosenberg
Jeremy C. Hollembeak
MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Andrew M. Leblanc (*pro hac vice* pending)
MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP
1850 K Street, NW
Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

*Attorneys for Alejandro Francisco Sanchez-Mujica, as Petitioner for Vitro S.A.B. de C.V.*

So Ordered this 26th day of **January 2011**.


/s/ Sean H. Lane
UNITED STATES BANKRUPTCY JUDGE