Risa M. Rosenberg
Thomas J. Matz
Jeremy C. Hollembeak
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Andrew M. Leblanc (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street, NW
Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

*Attorneys for Alejandro Francisco Sánchez-Mujica
as Foreign Representative of Vitro, S.A.B. de C.V.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VITRO, S.A.B. de C.V.,<br><br>　　Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 11-11754 (SCC) |
| VITRO, S.A.B. de C.V.,<br><br>　　Plaintiff,<br><br>v.<br><br>ACP MASTER, LTD.; AD HOC GROUP OF VITRO NOTEHOLDERS; AURELIUS CAPITAL MASTER, LTD.; AURELIUS CONVERGENCE MASTER, LTD.; ELLIOTT INTERNATIONAL L.P.; THE LIVERPOOL LIMITED PARTNERSHIP; and DOES 1-1000,<br><br>　　Defendants. | Adversary No. 11-01846 (SCC) |

**NOTICE OF ENTRY OF TEMPORARY RESTRAINING ORDER
AND SCHEDULING OF HEARING ON PRELIMINARY INJUNCTION**

**PLEASE TAKE NOTICE** that on April 26, 2011, Alejandro Francisco Sánchez-Mujica (in such capacity, the "Petitioner"), as the duly-appointed foreign representative of Vitro, S.A.B. de C.V. ("Vitro SAB"), commenced the above-captioned adversary proceeding (the "Adversary Proceeding") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that concurrently therewith, the Petitioner submitted a motion (the "Motion"), on behalf of Vitro SAB, pursuant to sections 105(a), 1507(b), 1519(a) and 1521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rule 65 of the Federal Rules of Civil Procedure, made applicable to the Adversary Proceeding through Rule 7065 of the Federal Rules of Bankruptcy Procedure, for a temporary restraining order and a preliminary injunction enjoining certain actions against Vitro SAB and certain of its direct and indirect subsidiaries or their property.

**PLEASE TAKE FURTHER NOTICE** that on April 28, 2011 at 8:15 p.m. (prevailing Eastern time), the Bankruptcy Court so ordered the annexed temporary restraining order (the "TRO").

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing on the Motion and request for preliminary injunctive relief for 10:00 a.m. (prevailing Eastern time) on May 12, 2011 (the "Preliminary Injunction Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Preliminary Injunction Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Bankruptcy Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the annexed TRO, copies of the Motion, all accompanying documentation and the proposed order granting the preliminary injunction (the "Preliminary Injunction") are available to parties-in-interest on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document) or upon written request to the Petitioner's U.S. counsel (including by facsimile or e-mail) addressed to:

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Attn: Risa M. Rosenberg, Esq.
Thomas J. Matz, Esq.
Jeremy C. Hollembeak, Esq.
rrosenberg@milbank.com
tmatz@milbank.com
jhollembeak@milbank.com

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street, NW
Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Attn: Andrew M. Leblanc, Esq.
aleblanc@milbank.com

**PLEASE TAKE FURTHER NOTICE** that any party-in-interest wishing to submit a response or objection to the Motion or request for the Preliminary Injunction must do so in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Interim Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and in writing setting forth the basis therefor, which response or objection must be filed electronically with the Bankruptcy Court by registered users of the Bankruptcy Court's electronic case filing system in accordance with General Order M-242 (a copy of which may be viewed on the Bankruptcy Court's website, http://www.nysb.uscourts.gov) and by all other parties-in-interest on a 3.5 inch disc, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, which disc shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408. A hard copy of any response or objection shall be sent to the Chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408 and served upon the parties set forth in the annexed TRO, so as to be received by no later than May 9, 2011 at 4:00 p.m. (prevailing Eastern time).

**PLEASE TAKE FURTHER NOTICE** that all parties-in-interest opposed to the Motion or request for the Preliminary Injunction must appear at the Preliminary Injunction Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Bankruptcy Court may grant the relief requested in the Motion and enter the Preliminary Injunction without further notice.

Dated: New York, New York
May 2, 2011

/s/ Jeremy C. Hollembeak
Risa M. Rosenberg
Thomas J. Matz
Jeremy C. Hollembeak
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Andrew M. Leblanc (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street, NW
Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

*Attorneys for Alejandro Francisco Sánchez-Mujica as Foreign Representative of Vitro, S.A.B. de C.V.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VITRO, S.A.B. de C.V.,<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 11-11754 (SCC) |
| VITRO, S.A.B. de C.V.,<br><br>    Plaintiff,<br><br>v.<br><br>ACP MASTER, LTD.; AD HOC GROUP OF VITRO NOTEHOLDERS; AURELIUS CAPITAL MASTER, LTD.; AURELIUS CONVERGENCE MASTER, LTD.; ELLIOTT INTERNATIONAL L.P.; THE LIVERPOOL LIMITED PARTNERSHIP; and DOES 1-1000,<br><br>    Defendants. | Adversary No. 11-01846 (SCC) |

## TEMPORARY RESTRAINING ORDER

Upon the motion dated April 26, 2011 (the "Motion")[1] of Alejandro Francisco Sánchez-Mujica, as the Foreign Representative of the above-captioned debtor, Vitro, S.A.B. de C.V. ("Vitro SAB"), the debtor in (a) the Voluntary Mexican Proceeding commenced on December 13, 2010 under the Mexican Business Reorganization Act and currently pending before the District Court of Nuevo León, and (b) this Chapter 15 Case, pursuant to sections 105(a), 1507(b), 1519(a) and 1521(a)(6) of the Bankruptcy Code and Federal Rule 65, made applicable to this proceeding through Bankruptcy Rule 7065, for a temporary restraining order and preliminary injunction, as set forth more fully in the Motion; and upon the Court's review and consideration

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the (i) Verified Complaint for Temporary Restraining Order and Injunctive Relief;

(ii) Declaration of Risa M. Rosenberg in Support of Motion for Temporary Restraining Order and Preliminary Injunction, as supplemented by the Supplemental Declaration of Risa M. Rosenberg in Support of Motion for Temporary Restraining Order and Preliminary Injunction; (iii) Declaration of Homer D. Parkhill in Support of Temporary Restraining Order and Preliminary Injunction; (iv) Declaration of Alejandro Francisco Sánchez-Mujica, as Foreign Representative of Vitro, S.A.B. de C.V., in Support of Chapter 15 Petition for Recognition of Foreign Main Proceeding and Request for Related Relief; and (v) Declaration of Alonso Rivera Gaxiola, as Mexican Counsel to Vitro, S.A.B. de C.V., in Support of Chapter 15 Petition for Recognition of Foreign Main Proceeding and Request for Related Relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and the relief granted herein being within the scope of relief Vitro SAB is permitted to request and this Court is permitted to grant in accordance with the order (the "Lift Stay Order") issued by the Texas Bankruptcy Court on April 26, 2011, notwithstanding the stay of proceedings generally in the Chapter 15 Case currently imposed by operation of Bankruptcy Rule 1014(b); and the Court being satisfied that the Motion, the Verified Complaint, the U.S. Counsel Declaration, Rothschild Declaration, the Foreign Representative Declaration, and the Mexican Counsel Declaration demonstrate good and proper cause pursuant to Local Bankruptcy Rule 9077-1(b) and Federal Rule 65(b)(1) for issuance of this order; and the Court having determined that the relief sought in the Motion is in the best interests of Vitro SAB, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion

2

establish just cause for the relief granted herein; and based upon the record of the April 28, 2011 hearing before the Court on the Motion (the "Hearing"), and after due deliberation and sufficient cause appearing therefor it is, on a preliminary basis and without prejudice to this Court's decision or any party's arguments with respect to the motion for preliminary injunction or the petition for recognition, hereby

**FOUND**, that:

1. The Foreign Representative commenced a case on behalf of Vitro SAB pursuant to chapter 15 of the Bankruptcy Code;

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and venue is proper pursuant to 28 U.S.C. § 1410;

3. The relief granted herein is within the scope of relief Vitro SAB is permitted to request and this Court is permitted to grant in accordance with the Lift Stay Order;

4. This Court, pursuant to sections 105(a) and 1519 of the Bankruptcy Code, Federal Rule 65, and Bankruptcy Rule 7065, may issue any order as may be necessary or appropriate to carry out the applicable provisions of the Bankruptcy Code, including but not limited to issuing a temporary restraining order; and

5. The relief requested in the Motion includes, among other things, entry of an order temporarily restraining the commencement or continuation of any and all litigation (including the NYS Actions) or actions to collect (including pursuant to the Attachment Orders), in any jurisdiction within the United States or its territories (collectively, the "Actions"), against Vitro SAB and the Old Guarantors that are not already protected by the automatic stay under section 362 of the Bankruptcy Code (the "Protected Guarantors" and, together with Vitro SAB,



3

the "Protected Parties") or their Property[2] by (i) all holders of the 11.75% Senior Notes due 2013 (the "2013 Notes"), issued by Vitro SAB on October 22, 2003; (ii) all holders of the 8.625% Senior Notes due 2012 (the "2012 Notes") issued by Vitro SAB on February 1, 2007; (iii) all holders of the 9.125% Senior Notes due 2017 (the "2017 Notes"), issued by Vitro SAB on February 1, 2007; (iv) the indenture trustees under each of the indentures governing the 2013 Notes, 2012 Notes, and 2017 Notes; (v) all holders of the *Certificados Bursátiles* notes issued by Vitro SAB on February 13, 2003;, (vi) all holders of the *Certificados Bursátiles* notes issued by Vitro SAB on July 2, 2008, (vii) all holders of the promissory note issued by Vitro SAB in favor of ABN Amro Bank, N.V. on September 29, 2008; (viii) all holders of the promissory notes issued by Vitro SAB in September 2010 in settlement of certain causes of action relating to derivative financial instruments, (ix) all direct and indirect subsidiaries of Vitro SAB (except each subsidiary of Vitro SAB who is subject to a pending bankruptcy case in the United States Bankruptcy Court for the Northern District of Texas) who hold intercompany claims against Vitro SAB or another direct or indirect subsidiary of Vitro SAB, (x) Fintech Investments Ltd. and Fintech Advisory Ltd. with respect to any obligations not described in the foregoing that are owed to either of them by any Protected Party, and (xi) the respective agents, attorneys and persons acting in concert or participation with any of the foregoing (collectively, the persons described in (i) through (xi), the "Creditors"). For the avoidance of doubt, as to each subsidiary of Vitro SAB which is subject to a pending bankruptcy case in the United States Bankruptcy Court for the Northern District of Texas (the "Texas Bankruptcy Court"), such subsidiary shall not be a Protected Party hereunder for so long as its bankruptcy case remains pending, and the

---

[2] A party's "Property" shall mean any of its property wheresoever located within the United States or its territories, and whether held by such party in whole or in part, directly or indirectly, as principal or as nominee, beneficially or otherwise, and without limiting the generality of the foregoing, including any and all real property, personal property and intellectual property of the party, and any and all securities, instruments, debentures, notes or bonds issued to, or held by or on behalf of such party.

4

Creditors may continue to prosecute the bankruptcy cases against such subsidiaries in the Texas Bankruptcy Court and may take any appeals from orders and judgments in such cases that they would otherwise be permitted to take.

6.  Vitro SAB and Crédit Agricole Corporate and Investment Bank ("CACIB") have entered into a forbearance stipulation in the form annexed hereto as Exhibit A with regard to CACIB's claims arising from settlement of certain causes of action relating to derivative financial instruments (the "CACIB Stipulation").

7.  Vitro SAB will suffer irreparable harm unless the Creditors are temporarily restrained from initiating or continuing any Action against the Protected Parties and/or their Property pending a further hearing on the Motion as provided herein;

**ACCORDINGLY**, based upon the foregoing, and after due deliberation and sufficient cause appearing therefor for the reasons stated by the Court on the record of the Hearing, it is hereby:

**ORDERED** that, pursuant to sections 105(a) and 1519(a) of the Bankruptcy Code, Federal Rule 65 and Bankruptcy Rule 7065, pending a hearing and determination of Vitro SAB's request for a preliminary injunction, effective immediately and subject to the terms hereof (as set forth in the other decretal paragraphs hereof, including the fourth decretal paragraph as to the stay of the Attachment Orders), all Creditors are hereby enjoined from commencing or continuing any and all Actions in any jurisdiction within the United States or its territories against the Protected Parties or their respective Property, including:

    (1)    the commencement or continuation of a judicial, administrative, or other action or proceeding against any Protected Party, including the issuance or employment of process, that was or could have been commenced before the commencement of the Chapter 15 Case, or to recover (including pursuant to the Attachment Orders)



a claim against any Protected Party that arose before the commencement of the Chapter 15 Case;

(2) the enforcement, against any Protected Party or against Property of any Protected Party, of a judgment (or a prejudgment remedy, including the Attachment Orders) obtained before the commencement of the Chapter 15 Case;

(3) any act to obtain possession of Property of any Protected Party or of Property from any Protected Party or to exercise control over Property of any Protected Party, including pursuant to the Attachment Orders;

(4) any act to create, perfect, or enforce any lien against Property of any Protected Party;

(5) any act to create, perfect, or enforce against Property of any Protected Party any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 15 Case;

(6) any act to collect, assess, or recover a claim against any Protected Party that arose before the commencement of the Chapter 15 Case, including pursuant to the Attachment Orders; and

(7) the setoff of any debt owing to any Protected Party that arose before the commencement of the Chapter 15 Case against any claim against such Protected Party.

The foregoing TRO shall expire by its terms at 11:59 p.m. (prevailing Eastern Time) on May 12, 2011, unless further extended by order of the Court. For the avoidance of doubt, nothing in this Order prohibits any party from taking any actions against any protected Party or Property of any Protective Party outside the territorial jurisdiction of the United States and its territories,

**ORDERED** that, all proceedings in the lawsuit commenced by Vitro SAB on April 26, 2011 in the Supreme Court of the State of New York (Index No. 650997/2011) are hereby stayed, and all applicable periods for responsive pleadings or other filings or proceedings in such lawsuit shall be tolled, so long as this TRO remains in effect.



6

**ORDERED** that, to the extent any Old Guarantor has lost, or loses, the protection of the automatic stay during the pendency of the Chapter 15 Case, such Old Guarantor shall be deemed a Protected Guarantor and shall be granted the protection of the TRO.

**ORDERED** that, in accordance with the foregoing, notwithstanding the Attachment Orders, all Garnishees shall be directed in such form and manner as applicable local authority may require, (a) from and after the date of entry hereof until May 12, 2011 at 11:59 p.m. (prevailing Eastern time), unless otherwise ordered by this Court, to remit all payments that become due after the date hereof to the applicable Protected Parties in accordance with the ordinary practices that existed between each such Garnishee and the applicable Protected Party prior to their being served with the applicable Attachment Order, and (b) to continue to withhold in accordance with the applicable Attachment Order all payments that became due prior to the date hereof and not remit such payments to any Protected Party.

**ORDERED** that, nothing in this TRO is intended to, nor shall it extend beyond the scope of relief granted by the Lift Stay Order;

**ORDERED** that, Vitro SAB hereby is authorized to enter into and perform the CACIB Stipulation;

**ORDERED** that, the Creditors, or any other party affected by the entry of this Order, are directed to file any papers in opposition to the Motion and/or Vitro SAB's request for a preliminary injunction with this Court (with a copy to chambers) and to serve on (i) counsel to Vitro SAB, Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, One Chase Manhattan Plaza, New York, New York, 10004, Attn: Dennis F. Dunne, Esq. and Andrew M. Leblanc, Esq., (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004, Attn: Richard C. Morrissey, Esq., (iii) counsel to the Steering Committee,

White & Case LLP, 1155 Avenue of Americas, New York, NY 10036, Attn: J. Christopher Shore, Esq., (iv) counsel to Fintech, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Lindsee P. Granfield, Esq., (v) counsel to Elliott, Dechert LLP, 1095 Avenue of the Americas, New York, NY 10036-6797, Attn: Glenn E. Siegel, Esq., Dennis H. Hranitzky, Esq. and Jeffrey T. Mispagel, Esq., (vi) counsel to Aurelius, Friedman Kaplan Seiler & Adelman LLP, 1633 Broadway, New York, New York 10019, Attn: Edward A. Friedman, Esq., Jeffrey C. Fourmaux, Esq. and Christopher L. McCall, Esq., (vii) counsel to U.S. Bank National Association, Sullivan & Worcester LLP, One Post Office Square, Boston, MA 02109, Attn: Jeanne P. Darcey, Esq., Richard Hiersteiner, Esq. and Amy A. Zuccarello, Esq., (viii) Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, NY 10012-3249, Attn: Adam Berman, (ix) counsel to Wilmington Trust, Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022, Attn: Robin Keller, Esq. and Scott Reynolds, Esq., (x) proposed counsel to the Official Committee of Unsecured Creditors of Vitro America, LLC, Super Sky Products, Inc., Super Sky International, Inc. and VVP Finance Corporation, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. and Abid Qureshi, Esq., and (xi) counsel to CACIB, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019, Attn: Andrew Brozman, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on May 9, 2011.

**ORDERED** that a hearing on the Motion and request for preliminary injunctive relief will be held on May 12, 2011 at 10:00 a.m. (prevailing Eastern time), unless the Motion to Transfer Venue pending in the Texas bankruptcy Case is granted before such time.

**ORDERED** that Vitro SAB shall serve a copy of this Order upon all known Creditors by first class mail, postage, prepaid, no later than May 2, 2011.

**ORDERED** that all respective rights, claims, defenses, arguments, issues, and legal positions, including with regard to discovery, of the Protected Parties, the Creditors, and all other parties in interest are fully reserved and preserved with respect to any or all matters that may arise in connection with the Chapter 15 Petition and the Motion.

**ORDERED** that neither this TRO nor any resolution of the Motion (insofar as it applies to the TRO) shall have any impact on the Texas Bankruptcy Court's consideration of the Venue Transfer Motion.

**SO ORDERED** as of
April 28, 2011
8:15 P.M. (prevailing Eastern Time)

/s/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

I HEREBY ATTEST AND CERTIFY ON May 2, 2011
THAT THIS DOCUMENT IS A FULL, TRUE AND CORRECT
COPY OF THE ORIGINAL FILED ON OUR COURT'S
ELECTRONIC CASE FILING SYSTEM.

CLERK, US BANKRUPTCY COURT, SDNY

BY: Michelle Brown DEPUTY CLERK



9

# STIPULATION DATED AS OF APRIL 28, 2011

Vitro, S.A.B. de C.V. ("Vitro SAB") and Crédit Agricole Corporate and Investment Bank ("CACIB") hereby agree and stipulate by their respective counsel as follows:

A. <u>CACIB</u> (i) will not to object to the entry of the TRO on the terms and subject to the conditions set forth below, and (ii) that it will standstill and forbear from the date hereof up to and including the earlier of 11.59 p.m. (prevailing Eastern Time) on May 12, 2011, and the expiration of the TRO from taking any action, including commencing or continuing any litigation or other action to collect on or enforce (including the filing of any consent judgment) in any jurisdiction within the United States, or the Territories thereof, any claim it may have against, or obligation to it from Vitro Envases Norteamerica, S.A. de C.V. ("VENA") or Vitro SAB, or any property of VENA or Vitro SAB.

B. <u>Vitro SAB</u> will revise the terms of the proposed TRO to exclude CACIB from its scope by eliminating CACIB from the definition of Creditor therein, it being understood and agreed that the form of TRO to which this Stipulation is attached satisfies this condition.

C. Each of <u>CACIB and Vitro SAB</u> expressly reserves all rights, claims, objections and defenses, including the right of Vitro SAB to seek a broader TRO or preliminary or permanent injunction in the future and of CACIB to object to any such broader TRO or preliminary or permanent injunction.

Milbank, Tweed, Hadley & McCloy LLP

By: /s/ Risa M. Rosenberg

Counsel to Vitro S.A.B.

Clifford Chance US LLP

By: /s/ Andrew Brozman

Counsel to Non-Party Crédit Agricole
Corporate and Investment Bank

